DANIEL E. and NANCY CIMINI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cimini v. Commissioner
Docket No. 133-78.
United States Tax Court
T.C. Memo 1980-63; 1980 Tax Ct. Memo LEXIS 524; 39 T.C.M. (CCH) 1170; T.C.M. (RIA) 80063; March 5, 1980, Filed *524 Daniel E. Cimini and Nancy Cimini, pro se Larry D. Anderson and Peter M. Ritteman
HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined that petitioners have the following deficiencies in income, tax plus additions to tax for negligence or intentional disregard of rules and regulations under section 6653(a). [1]
Section 6653(a) Year
Deficiency
Penalty
1972
$2,980.39
$149.02
1973
142.00
7.10
1974
190.00
9.50
This issues for decision are: 1. Whether petitioners are entitled to deduct the $1,000 long-term capital losses claimed on their 1972, 1973 and 1974 joint income tax returns. 2. Whether petitioners received $9,400 in unreported income from Gordon's Used Car Sales in 1972. 3. Whether petitioners are entitled to deduct the entire $2,466.04 interest expense claimed on their 1972 return. 4. Whether petitioners are entitled to deduct the $1,531.86 business expense claimed on their 1972 return. 5. Whether petitioners are liable for additions to tax for negligence *525 in preparing their returns for 1972, 1973 and 1974. FINDINGS OF FACT Petitioner Daniel E. Cimini resided in Terre Haute, Indiana, and petitioner Nancy Cimini resided in Detroit, Michigan, when they filed their petition. In January, 1964, Daniel E. Cimini (hereinafter "petitioner") incorporated International Auto Leasing Company for the purpose of leasing automobiles to the general public. Petitioner acquired 2,500 shares of the corporation's stock at $1 per share on January 18, 1964, and 19,500 additional shares on June 17, 1964. The corporation ceased doing business in 1967. Petitioner claims he lost the entire $22,000 invested in the corporation's stock in 1967 and accordingly he deducted $1,000 as a capital loss in each of 1972, 1973 and 1974. In 1971 petitioner and Fred Gordon started a used car business, a partnership known as "Gordon's Used Car Sales," in Centerline, Michigan. This business reported profits in 1971 and and 1972. In 1972 Gordon's Used Car Sales paid petitioner $9,400. Petitioner claims that this $9,400 was repayment for loans he advanced to Gordon's Used Car Sales.Petitioners did not report any income from Gordon's Used Car Sales on their 1971 *526 or 1972 returns. The automobiles purchased by Gordon's Used Car Sales were financed through Richardian Credit Union. Although these loans were listed in the petitioners' names, they were paid for with checks from Gordon's Used Car Sales. Petitioners did have six personal loans with the credit union and paid a total of $1,499.33 in interest in 1972. Petitioners had deducted $2,466.04 interest on their 1972 return. In 1972 petitioner was employed by Dick Fruehauf Buick and by Colonial Leasing Company. In connection with these jobs petitioner contends that he drove his personal automobile 10,450 miles and that he expended $277.86 for meals, none of which were reimbursed by his employers. Petitioners deducted $1,531.86 in business expenses on their 1972 return. OPINION The first issue is whether petitioners are entitled to deduct the $1,000 long-term capital losses claimed on their 1972, 1973 and 1974 joint returns. We have found that Daniel E. Cimini (hereinafter "petitioner") owned 22,000 shares of International Auto Leasing Company for which he paid $22,000. We have also found that International Auto Leasing Company ceased business in 1967. However, at trial petitioners *527 presented no evidence that the corporation did not have funds from which to repay them their investment in the stock. No evidence was introduced showing the assets and liabilities of International Auto Leasing Company when it ceased business and was presumably liquidated in 1967. Under the circumstances, petitioners have not shown that they were entitled to the $1,000 long-term capital loss deductions claimed by them in 1972, 1973 and 1974. The second issue is whether petitioner received $9,400 in unreported income from Gordon's Used Car Sales in 1972. Petitioner admits that he received this amount but alleges that it represented repayment of a loan to Gordon's Used Car Sales. Petitioner and Fred Gordon formed a partnership to carry on the business known as Gordon's Used Car Sales. The partnership agreement provides that petitioner is entitled to 100% of the partnership's profits, but there is some evidence that the profits may have been divided 50-50 between petitioner and Fred Gordon. The partnership reported profits in both 1971 and 1972, yet petitioner did not report any income from the partnership. From this respondent determined that the $9,400 petitioner received from *528 the partnership was taxable income. The partnership agreement also provides that petitioner will supply 100% of the partnership's initial capital. Petitioner introduced balance sheets for the partnership prepared by Tax Saver Bookkeeping Service which showed the following notes payable to petitioner: Date of Balance Sheet
Note Payable-Petitioner
March 31, 1972
$12,250.00
April 30, 1972
12,250.00
May 31, 1972
11,500.00
June 30, 1972
10,250.00
July 31, 1972
13,950.00
August 31, 1972
18,626.67
September 30, 1972
17,526.67
October 31, 1972
19,526.67
Petitioner did not introduce the books and records of the partnership from which the balance sheets were presumably taken, nor did he introduce any cancelled checks, notes or any other documentary evidence showing loans he made to the partnership. Fred Gordon, petitioner's partner, claimed that the initial operating funds of the partnership were all borrowed from the Richardian Credit Union. Petitioner who bears the burden of proof has failed to persuade us that the $9,400 paid to him by the partnership represented a loan repayment rather than a distribution of profits as determined by respondent. *529 Therefore we hold for respondent on this issue. The next issue is whether petitioners are entitled to deduct the entire $2,466.04 interest expense they claimed on their 1972 return. We have found as a fact that petitioners paid $1,499.33 interest to Richardian Credit Union in 1972, and their interest expense deduction is limited to that amount. The next issue is whether petitioners are entitled to deduct the $1,531.86 business expense claimed on their 1972 return. Petitioner claims he drove 10,450 miles on business in 1972. Petitioner did not introduce a travel log or any other evidence other than his own conclusion testimony to verify the miles he claimed he drove for business purposes. He also claimed he spent $277.86 for business meals. Again, no evidence, such as credit card statements or cancelled checks, was introduced to substantiate this expense. Petitioner has failed to prove that he is entitled to any of the claimed business expense in 1972. The last issue is whether petitioners are liable for additions to tax for negligence or intentional disregard of rules and regulations. Respondent contends that petitioners' inability to substantiate the numerous deductions *530 taken on their returns for 1972, 1973 and 1974 establishes that they were negligent within the meaning of section 6653(a). In the absence of proof to the contrary, we sustain the negligence penalty in all three years. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩